**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOSE RAYMOND COLON,**

> **Petitioner,**

**v.**                                    **Case No. 8:15-cv-1935-T-36AAS**

**SECRETARY, DEPARTMENT**
**OF CORRECTIONS**,

> **Respondent.**

_____/

## ORDER

Jose Raymond Colon, a Florida prisoner, filed an amended 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his convictions for trafficking in illegal drugs and conspiracy to traffic in heroin, rendered in the Thirteenth Judicial Circuit for Hillsborough County. (Dkt. 9). Respondent responded, and Colon replied. (Dkts. 16 and 23). Upon consideration, the petition for writ of habeas corpus will be denied. Grounds one through five and ground eight are without merit. (Dkt. 1). Grounds six, seven, and nine through eighteen of the amended petition are untimely and without merit.

**Procedural History**

Colon and Alex Torres-Corchado were charged with trafficking in illegal drugs (28 grams or more and less than 30 kilograms) and conspiracy to traffic in heroin (28 grams or more and less than 30 kilograms). Torres-Corchado pleaded guilty and testified at Colon's jury trial. The jury found Colon guilty as charged, and the state trial court sentenced him to 30 years in prison and a 25-year mandatory prison term on each count,

to run concurrently.  On March 13, 2009, the state appellate court *per curiam* affirmed the convictions and sentences.  (Dkt. 18, Resp. Ex. 2).  The state appellate court also denied Colon's June 24, 2009, petition alleging his appellate counsel rendered ineffective assistance and denied rehearing August 20, 2009. (Dkt. 18, Resp. Exs. 3, 4).  Additionally, the state appellate court affirmed the denial of Colon's March 22, 2010, motion for postconviction relief, and issued the mandate July 10, 2015  (Dkt. 18, Resp. Ex. 5 at 13–250, 358–371; Resp. Ex. 8).

### The Facts[1]

Colon's charges arose from a narcotics investigation police conducted on April 5, 2005 in Tampa.  In a recorded meeting at a mall parking lot, an informant introduced the undercover officer, Detective Baumann, to Torres-Corchado, whom police knew to deal in heroin.  Torres-Corchado and the detective discussed a heroin transaction.  The detective advised Torres-Corchado that he had $10,000 and needed approximately an hour and a half to obtain the money and return.  Torres-Corchado gave the detective a sample of the heroin.

Police utilized aerial and ground surveillance to identify co-conspirators and determine where Torres-Corchado went after the initial meeting.  Torres-Corchado met with Colon at his apartment, and they departed in separate vehicles, with Colon's black Mazda in the lead.   Torres-Corchado testified that they drove to a storage unit where Colon retrieved a backpack containing heroin.  They returned to Torres-Corchado's house where Colon weighed the heroin.

Torres-Corchado, in a phone call, advised that he wanted to change the location of

---

[1]The factual summary is taken from the briefs on direct appeal and the trial transcript.

the deal to a 7-Eleven store. Aerial surveillance had been suspended for the purpose of refueling the helicopter. After the informant and officer arrived at the designated location, Torres-Corchado advised that he was across the street. The informant met Torres-Corchado at a Kash N' Karry store parking lot, and they went to Colon's Mazda. Colon handed Torres-Corchado a plastic bag containing the heroin. Colon and Torres-Corchado insisted that the informant take the bag, but the informant declined. When Torres-Corchado and the informant walked across the street to the undercover detective's vehicle, Colon repositioned his vehicle at a gas station.

Upon entering the detective's vehicle, Torres-Corchado produced the plastic bag and stated that it contained 112 grams. The detective informed Torres-Corchado that he had the money, and Torres-Corchado delivered the bag containing the heroin. After weighing the substance and giving the signal, surveillance officers converged and arrested Torres-Corchado. Colon fled in his Mazda at a high rate of speed. Given safety concerns about a vehicle pursuit at night, police utilized aerial surveillance to track the vehicle. Police apprehended Colon after he pulled into an apartment complex and ran to another vehicle.

### Timeliness of Amended Petition

Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Colon's petition is governed by a one-year statute of limitations that begins to run on the latest of four triggering events, including the date on which the challenged judgment became final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review" of the

underlying judgment.  28 U.S.C. § 2244(d)(2).

The state appellate court affirmed Colon's convictions and sentences on March 13, 2009.  For purposes of § 2244(d)(1)(A), his judgment became final on June 11, 2009, when the 90–day period for petitioning the Supreme Court for certiorari review expired.  *See Green v. Sec'y, Dep't of Corr.*, 877 F.3d 1244, 1247 (11th Cir. 2017).  The federal limitations period commenced the next day and ran for twelve days until the limitations period was tolled on June 24, 2009, when Colon filed his petition alleging ineffective assistance of appellate counsel.  The state petition was pending until August 20, 2009, when the state appellate court denied rehearing.  (Dkt. 18, Resp. Ex. 4).  The one-year limitations period then ran for 213 days before Colon filed his March 22, 2010, motion for postconviction relief.  (Dkt. 18, Resp. Ex. 5 at 46–163).  The postconviction motion was pending until the July 10, 2015 mandate in his postconviction appeal issued.  (Dkt. 18, Resp. Ex. 8).  At that juncture, Colon had 140 days remaining on his one-year limitations period.  He timely filed the original five-ground petition on August 14, 2015.  (Dkt. 1).  After his one-year limitations period expired, Colon filed an amended 18-ground petition on May 4, 2016.  (Dkt. 9).

**Grounds one through five and eight of the amended petition are timely**.

Rule 15(c) provides that an amendment relates back to a timely-filed claim when the newly-asserted claim "arose out of the conduct, transaction, or occurrence set out" in the previous filing.  Fed. R. Civ. P. 15(c)(1)(B).  A claim asserted after the one-year period cannot be revived simply because it arises out of the same trial, conviction, or sentence as a timely-filed claim.  *Mayle v. Felix*, 545 U.S. 644, 662 (2005).  A new claim relates back to prior claims only if they are "tied to a common core of operative facts."  *Id.* at 664.  Because

Colon's amended petition was filed after the one-year limitation period for filing a Section 2254 petition had expired, the grounds in the amended petition are timely only if they relate back to claims in his original, timely petition.

In ground one of the original petition, Colon alleged that he was convicted of conspiracy and trafficking in heroin with insufficient evidence. In grounds two through five, Colon alleged that his trial counsel rendered ineffective assistance by: not deposing Officers Hernandez and Gray (ground two); not obtaining the surveillance helicopter's flight records (ground three); not properly objecting to the helicopter pilot's authentication of the surveillance video (ground four); and encouraging Colon not to testify at trial (ground five). The parties do not dispute that grounds one through five of the amended petition relate back to the grounds in the original petition.

Contrary to Respondent's argument that the remaining grounds in the amended petition are untimely (Dkt. 16 at 9), ground eight relates back to ground two of the original petition. These two grounds share a common core of operative facts: the surveillance video that Colon reviewed before trial and Officer Gray authenticated at trial had a gap of time that was not in the video when made by Officer Hernandez.

**Grounds six, seven, and nine through eighteen are untimely**.

The remaining grounds do not relate back to the original timely grounds. Specifically, grounds six, seven, and nine through eighteen of the amended petition are supported by factual allegations that differ in both time and type from claims in the original petition and are untimely. Although Colon disputes that these grounds do not relate back to the original petition, he does not specify any grounds that share a common core of operative facts.

**Colon has not shown entitlement to equitable tolling**

A petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). He must show a causal connection between the extraordinary circumstances and the late filing of the petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). A prisoner bears the burden of proving that he is entitled to equitable tolling. *Id.* at 1268.

Colon presents no argument in his amended petition or his reply to the response that he is entitled to equitable tolling. In his request to amend the original petition, Colon alleged that he miscalculated the federal limitations period. He also alleged that an inmate law clerk prepared the original petition and that after the clerk's transfer to another facility, another clerk advised that the original petition was legally and factually insufficient and did not include all exhausted grounds. (Dkt. 6 at 2-3). To the extent that Colon's motion could be construed to argue that his late filing of new claims should be excused based on (1) his lack of legal knowledge and consequent confusion about the AEDPA's filing deadline and (2) his reliance on inadequate law clerk assistance, Colon fails to demonstrate the existence of extraordinary circumstances to justify equitable tolling.

A state prisoner's ignorance of the law does not excuse the untimely filing of a Section 2254 petition. *See Perez v. Florida*, 519 F. Appx. 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."). As with any litigant, *pro se* litigants

"are deemed to know of the one-year statute of limitations."  *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).[2]

Additionally, Colon has failed to demonstrate that he exercised reasonable diligence in pursuing his rights.  His reliance on an inmate law clerk to prepare the original federal petition does not explain Colon's delay in filing his state postconviction motion.  Colon has not shown that equitable tolling of the limitations period is warranted.

### Colon does not present a tenable claim of actual innocence.

Actual innocence, if proved, serves as a gateway through which a petitioner may pass to overcome a statute of limitations bar to consideration of the merits of his claims. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  In ground one of the amended petition, Colon alleges that he was convicted based on false self-serving testimony that was "compounded by counsel's alleged failure" set out in grounds two through five, resulting in a miscarriage of justice and "conviction of an innocent man."  (Dkt. 9 at 4).  To the extent that this allegation could be construed as a claim that Colon is entitled to review of untimely claims under the fundamental miscarriage of justice exception to the time bar, he fails to establish a tenable actual innocence claim to overcome the statute of limitations bar.  He has identified no new reliable evidence of actual innocence.

---

[2]*See also Mendoza v. Attorney Gen. of Fla.*, 2017 WL 6403505, at *5 (11th Cir. 2017) (unpublished order denying certificate of appealability)(holding that any reliance on an inmate law clerk does not justify equitable tolling).

Colon's allegations fall short of making the required showing to overcome the statute of limitations. Grounds six, seven, and nine through eighteen of the amended petition are untimely. 28 U.S.C. § 2244(d)(1)(A).

## Standard of Review

The AEDPA requires a prisoner who challenges "a matter 'adjudicated on the merits in State court' to show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). A habeas petitioner meets "this demanding standard only when he shows that the state court's decision was 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Dunn v. Madison*, 138 S. Ct. 9, 11 (2017) (*per curiam*) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). When a state appellate court issues a silent affirmance, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S.Ct. at 1192.

## Ineffective Assistance of Counsel

Colon alleges that his trial counsel rendered ineffective assistance. To establish ineffective assistance of counsel, he must show that his Sixth Amendment right to counsel was violated because (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient only if it falls below the wide range of competence

demanded of attorneys in criminal cases. *Id.* at 688. To establish prejudice, he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Sustaining a claim of ineffective assistance of counsel on federal habeas review is difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,'" and "when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105 (citations omitted). "The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

## Discussion

### Ground One

Colon alleges that the state trial court erred in denying his motion for judgment of acquittal of conspiracy to traffic in heroin based on the alleged insufficiency of the evidence. (Dkt. 9 at 4). Colon also challenges the sufficiency of the evidence to convict him of trafficking in illegal drugs. While he acknowledges that Torres-Corchado advised him that a drug deal was to occur, Colon denies participating in the transaction. According to Colon, he agreed to observe the transaction from a distance, to ensure that no violence befell Torres-Corchado. In addition, Colon argues that he is innocent of the crimes and was convicted based on false testimony of Torres-Corchado. (*Id.* at 5).

Colon presents no federal constitutional violation in this ground. To the extent that he alleges that the state trial court erred under Florida law when it denied his motion for judgment of acquittal on the conspiracy count, such argument is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (stating that "federal habeas corpus relief does not lie for errors of state law") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780

(1990)).

To the extent that this ground can be construed as a federal due process challenge to the sufficiency of the evidence of his drug trafficking and conspiracy offenses, this ground is unexhausted. Colon did not fairly present the federal nature of this claim to the state appellate court on direct appeal. The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner fairly presents his claim in each appropriate state court and alerts that court to the federal nature of the claim. *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). In his state appellate brief (Dkt. 18, Resp. Ex. 9), Colon did not challenge the sufficiency of the evidence underlying his drug trafficking conviction. While he argued that the state trial court erred in denying his motion for judgment of acquittal on the conspiracy count, Colon neither mentioned in his appellate brief a federal constitutional provision, nor cited a federal case decided on constitutional grounds. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("A litigant . . . can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing . . . the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"). *See also Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 457–58 (11th Cir. 2015) (holding that a habeas petitioner failed to exhaust his sufficiency of the evidence claim because he did not cite to any federal cases or federal constitutional provisions and only relied upon Florida case law to argue his claim).

When a claim is unexhausted and it is too late to return to state court to exhaust, the claim is said to be procedurally defaulted. *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999)). Respondent argues that Colon "never presented" the constitutional dimension of this ground to the state courts "as

more fully explained. . . ."  (Dkt. 16 at 14).  However, Respondent omits an explanation.

Even if this ground were not procedurally defaulted, relief may be denied as Colon has failed

to present a meritorious claim.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of

habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to

exhaust the remedies available in the courts of the State.").

In assessing the sufficiency of the evidence to support a state court conviction, the

Court asks "whether, after viewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  *"Jackson*

leaves juries broad discretion in deciding what inferences to draw from the evidence

presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to

ultimate facts.'"  *Coleman v. Johnson*, 566 U.S. 650, 655 (2012) (*per curiam*) (citing

*Jackson*, 443 U.S. at 319).  The only question under *Jackson* is whether the jury's finding

was so insupportable as to fall below the threshold of bare rationality.  *Coleman*, 566 U.S.

at 656.

### Sufficiency of the evidence of conspiracy to traffic in heroin

To determine whether the *Jackson* standard has been met, the Court looks to the

essential elements of the crime as defined by state law.  *Wilcox v. Ford*, 813 F.2d 1140,

1143 (11th Cir. 1987).  To obtain a conviction for conspiracy to traffic in heroin, the State

had to prove more than Colon's presence "at the scene of the offense with knowledge of the

offense" or that Colon aided or abetted the crime.  *Antunes-Salgado v. State*, 987 So. 2d

222, 225 (Fla. 2d DCA 2009).  The State had to prove the existence of an express or implied

agreement between Colon and at least one other person to commit trafficking.  *Id.* Both an

agreement and an intention to commit an offense are necessary elements of the crime. *Green v. State*, 999 So .2d 1098 (Fla. 5th DCA 2009) (quotation omitted). A conspiracy may be proven with circumstantial evidence and proof of the formal agreement is not necessary. *Id.*

Colon argues that the State failed to show that he and Torres-Corchado were conspirators. According to Colon, he volunteered to observe the drug transaction from a distance and at no time did he engage in the transaction, agree to partner in the transaction, or negotiate the deal. (Dkt. 2 at 4). Colon alleges that Torres-Corchado never testified that: Torres-Corchado and Colon were partners, Torres-Corchado intended to share his earnings (from the drug deal) with Colon, the drug deal was coordinated with Colon, or Colon had any part in the negotiation of the drug sale. (Dkt. 2 at 6).

At trial, the prosecution presented evidence that (1) after Torres-Corchado met with the undercover detective, Torres-Corchado met with Colon (Dkt. 18, Resp. Ex. 1 at 351-52); (2) Colon led Torres-Corchado to a storage unit where Colon took possession of a backpack containing heroin (*Id.* at 352–53, 360); (3) Torres-Corchado and Colon drove in their respective vehicles to Torres-Corchado's house where Colon weighed the heroin (*Id.* at 353–54); (4) Colon transported the heroin to the parking lot of the Kash N' Karry store (*Id.* at 355–56); (5) Colon handed Torres-Corchado the heroin and they unsuccessfully attempted to have the informant take the heroin (*Id.* at 286–87, 315–19, 355–56, 401); (6) when Torres-Corchado and the informant walked across the street to the undercover detective's vehicle, Colon repositioned his vehicle by backing in a parking space near a gas station (*Id.* at 442); (7) after Torres-Corchado gave the heroin (in a trafficking amount) to the detective and police moved in to effectuate an arrest, Colon fled in his vehicle (*Id.* at

288–300, 461–62, 478); and (8) Colon was prepared to evade police in a second vehicle, the driver of which awaited Colon's arrival at the apartment complex, where Colon was apprehended. (*Id.* at 472–80). From this evidence a rational jury could find the existence of an agreement between Colon and Torres-Corchado and an intention on the part of Colon to traffic in heroin in the amount alleged, and therefore, that a conspiracy was established.[3]

### Sufficiency of the evidence of trafficking in illegal drugs

Viewed in the light most favorable to the state, the evidence was also sufficient to support Colon's conviction for trafficking in illegal drugs in violation of Section 893.135(1)(c)1c of the Florida Statutes. Section 893.135(1)(c)1 provides:

> Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 4 grams or more of any morphine, opium, oxycodone, hydrocodone, hydromorphone, or any salt, derivative, isomer, or salt of an isomer thereof, including heroin, as described in s. 893.03(1)(b), (2)(a), (3)(c)3., or (3)(c)4., or 4 grams or more of any mixture containing any such substance, but less than 30 kilograms of such substance or mixture, commits a felony of the first degree, which felony shall be known as "trafficking in illegal drugs," punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. § 893.135(1)(c)1. Subsection 893.135(1)(c)1c describes the penalty for trafficking in 28 grams or more but less than 30 kilograms of the substance.

In his memorandum, Colon argues that the State's case was based on questionable testimony. (Dkt. 2 at 5). He contends that Torres-Corchado was arrested on multiple drug trafficking charges and faced over 100 years of mandatory prison time. Additionally, Colon alleges that the informant was paid "per drug arrest" and that both Torres-Corchado and the informant lied under oath "for purposes of self-preservation." (Dkt. 2 at 5). This Court must

---

[3]Alternatively, assuming that Colon properly exhausted this aspect of ground one, Colon fails to show the state court's decision constitutes an unreasonable application of *Jackson* or is based on an unreasonable determination of the facts in light of the evidence.

defer to the jury's judgment as to the weight and credibility of the evidence.  *See Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987), citing *Jackson*, 443 U.S. at 326.  The facts presented at trial demonstrate that Colon facilitated the drug deal by securing, weighing, and delivering the trafficking amount of heroin to Torres-Corchado for sale.  *See McCluster v. State*, 681 So. 2d 716, 717 (Fla. 2d DCA 1996) ("Trafficking in illegal drugs can be proven in a variety of ways: sale, possession, manufacture, delivery and bringing into this state.").

Colon focuses on Torres-Corchado's testimony that the latter arranged the location of the drug sale, negotiated the drug amount to be sold and price, and delivered the heroin to the undercover detective.  (Dkt. 2 at 6).  Torres-Corchado's testimony also established that Colon intended and agreed with Torres-Corchado to commit the trafficking offense and that Colon knowingly possessed and delivered heroin in the amount alleged.

**No new evidence of actual innocence**

Colon also presents a freestanding actual-innocence claim in this ground.  (Dkt. 9 at 4).  The Supreme Court has yet to answer whether freestanding innocence claims are cognizable in habeas corpus.  *House v. Bell*, 547 U.S. 518, 554–55 (2006).  Were freestanding innocence claims cognizable in federal court, "the threshold showing for such an assumed right would necessarily be extraordinarily high."  *Herrera v. Collins*, 506 U.S. 390, 417 (1993).  In *House*, the Court elaborated on this point, stating that the showing required for such a hypothetical claim would be greater than that required for a gateway-innocence claim.  547 U.S. at 555.  To excuse procedural default on the basis of a credible claim of actual innocence, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him" in light of "new reliable evidence . . . that was not presented at trial."  *Schlup*, 513 U.S. at 324, 327.

Although Colon argues that Torres-Corchado testified falsely, Colon does not offer new, reliable evidence of actual innocence of either crime. Colon's argument is insufficient to meet *Schlup*'s threshold. Consequently, he cannot meet the burden implied in *Herrera*.

Colon is not entitled to relief on Ground One.

**Grounds Two through Four and Ground Eight**

In four related grounds, Colon alleges that his trial counsel rendered ineffective assistance concerning the aerial surveillance video introduced at trial and the helicopter pilot's trial testimony.

**Ground Two**

Colon alleges that his trial counsel rendered ineffective assistance by not deposing Officer Gray, the helicopter pilot, and Officer Hernandez, who operated the aerial surveillance camera. (Dkt. 9 at 4). Colon contends that prior to trial, he reviewed the video with his attorneys and informed them that the video was inaccurate. (*Id.*) According to Colon, the video had a one-hour gap during which Torres-Corchado departed his home in a Ford truck to meet with someone. (*Id.*) In his memorandum, Colon alleges that Torres-Corchado left to retrieve the heroin. (Dkt. 2 at 8). Colon alleges that two days before trial, the prosecution listed Officer Gray as a witness. Colon contends that his attorneys informed him that they would question Officer Gray about the time gap and attempt to exclude the video, but they did not depose the officer. (Dkt. 9 at 4).

Officer Gray conducted surveillance in a helicopter equipped with video recording equipment. After following the subjects (Colon and Torres-Corchado) to Torres-Corchado's house, Officer Gray decided to refuel, as the helicopter had been in flight approximately an hour and a half. (Dkt. 18, Resp. Ex. 1 at 234–36). After Detective Landry requested

assistance and the helicopter was cleared to depart the airport upon refueling, Officer Gray resumed aerial surveillance.  Officer Gray testified at trial that the recording on a digital video disc accurately depicted events that were videotaped on April 5, 2005.  The DVD was introduced without objection.  (Dkt. 18, Resp. Ex. 1 at 236).  On Officer Gray's cross-examination, Colon's counsel elicited that a flight observer operated the surveillance camera and that Officer Gray transferred the recording to the DVD.  (*Id.*)

Colon contends that because his counsel did not investigate and depose Officer Gray, Colon was unaware that Officer Hernandez operated the camera and created the surveillance video.  (Dkt. 9 at 5)  Colon argues that his attorneys should have also deposed and called Officer Hernandez at trial to "prove what took place during the time not recorded on the tape and who had the back pack."  (*Id.* at 5).

At the state evidentiary hearing, Colon's former lead trial counsel, attorney Eduardo Jimenez, testified that he and his co-counsel, an experienced trial attorney, went to the location of the drug deal and that co-counsel took pictures.  In addition, they discussed depositions and each witness whom counsel believed to be important, and they reviewed the surveillance video.  (Dkt. 18, Resp. Ex. 5 at 305, 307-08, 350).  Aware that Officer Hernandez' name was in a police report, counsel made a strategic election not to take the depositions of Officers Gray and Hernandez, as counsel found no need to depose them.  (*Id.* at 308, 329, 334).  Jimenez testified that Colon never stated that Torres-Corchado left him at Torres-Corchado's house to meet a third individual during the time period involved.  (*Id.* at 307).

On cross-examination, Jimenez testified that he did not know about a gap in the video but recalled that the video "showed some time that was not there" and that police testified

about refueling the helicopter.  (*Id.* at 334).  On redirect examination, Jimenez testified that the explanation that police gave was reasonable.  (*Id.* at 341).

The state postconviction court denied relief on this ground on the basis that Colon failed to prove that he was prejudiced by counsel's decision to not depose the officers.  (Dkt. 18, Resp. Ex. 5 at 360-61).  The state court explained:

> Defendant did not show that had he known that Officer Hernandez conducted the surveillance recording, the outcome of the trial would have been different. Defendant neither proved that had Officer Hernandez testified, he would have testified any differently than Officer Gray, nor that this testimony would have changed the outcome of the trial. Further, Mr. Jimenez testified that he did not think it was necessary to call Officer Hernandez as a witness, as Officer Gray had already testified, and it was likely that Hernandez's testimony would have been cumulative. Because Defendant did not prove that he was prejudiced by any alleged deficiency, no relief is warranted on ground three.

(*Id.* at 361).   The state postconviction court reasonably concluded that Colon failed to establish prejudice.  Although Colon argues that the surveillance video was tampered with, he has not demonstrated that Officer Hernandez' testimony would have supported that argument.  Colon did not call the officer at the state evidentiary hearing or offer a sworn statement of putative testimony of the officer.[4]  Colon questions how his counsel could "mysteriously" know what testimony Officer Hernandez would have given, but Colon did not show that Hernandez would have testified that the surveillance video had been altered.

In his reply, Colon asks why Officer Hernandez did not testify, and Colon ponders whether it is possible that Hernandez "did not want to perjure himself."  (Dkt. 23 at 3).  This

---

[4]A police report  set out a time line of events, including that at 2115 hours, Torres-Corchado arrived in a Lexus and parked next to the undercover officer's vehicle (the initial meeting), and that at 2300 hours, Torres-Corchado in a phone call advised that he wanted the deal to occur at the 7-Eleven store.  (Dkt. 18, Resp. Ex. 5 at 128–29).  Although Colon's collateral counsel at the state evidentiary hearing attempted to show based on the report there was an hour and 50-minute gap in aerial surveillance, attorney Jimenez' testimony showed that the report identified events, rather than aerial surveillance.  (*Id.* at 342–44).

unsupported premise establishes neither that Officer Hernandez would have committed perjury if deposed and called at trial, nor that the pilot committed perjury at trial.

Colon argues that "according to Eduardo Jimenez, Esquire, and Dee Ann Athan, Esquire, testimony during the evidentiary hearing [sic] the video was "doctored." (Dkt. 9 at 5). Attorney Jimenez testified that he had no reason to believe the video was "doctored." (Dkt. 18, Resp. Ex. 5 at 328, 341). While his co-counsel, attorney Athan, was certain that she and Jimenez were aware that a portion of the events were not on video (*Id.* at 350-51), this testimony alone would not establish that someone tampered with the video.

Colon argues that his attorneys' tactical decision to forego deposing Officers Gray and Hernandez was not sound strategy. (Dkt. 9 at 5). According to Colon, Officer Hernandez should have testified at trial to "prove what took place during the time not recorded on the tape and who had the back pack." (*Id.*) Colon did not show that Deputy Hernandez would have contradicted Torres-Corchado's testimony that Colon and Torres-Corchado drove in separate vehicles with Colon in the lead to the storage unit and that Colon took the backpack containing the heroin and returned to Torres-Corchado's house. Nor did Colon show that Deputy Hernandez would have contradicted Torres-Corchado or the informant's testimony that after arriving at the location designated for the drug deal, the informant met Torres-Corchado and they walked to the driver's side of Colon's vehicle where they stood as Colon handed the drugs through the car window to Torres-Corchado. Rather than establishing that Deputy Hernandez would have given testimony undermining confidence in the trial outcome, he offers mere speculation, which is insufficient to establish *Strickland* prejudice. *See Johnson v. Alabama*, 256 F.3d 1156, 1187 (11th Cir. 2001) ("Johnson offers only speculation that the missing witnesses would have been helpful. This

kind of speculation is 'insufficient to carry the burden of a habeas corpus petitioner.'")

(quoting *Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985)).

Colon argues that because his counsel did not depose the officers, Colon did not know the severity of the evidence against him, depriving him of the opportunity to make an informed decision about whether to testify at trial. (Dkt. 9 at 5). Even if it were assumed that Colon would have chosen to testify had his counsel deposed the officers and called Officer Hernandez at trial, it is mere speculation to argue that a jury would have rejected the testimony of Torres-Corchado and the informant. Consequently, Colon has not shown that but for counsel's alleged error, there was any reasonable probability of a different outcome.

The state court did not unreasonably apply *Strickland* or unreasonably determine the facts. Colon is not entitled to relief on Ground Two.

### Ground Eight

Colon alleges that his trial counsel rendered ineffective assistance by not investigating and discovering that Officer Hernandez created the air surveillance video. (Dkt. 9 at 14). Colon contends that the officer's name was not provided in the State's witness lists. (*Id.*) The allegations in this ground about Colon's discovery of a gap in the video are duplicative of allegations that have been addressed *supra*. Colon further alleges that Officer Gray made a copy of the video and left out the part of the original recording that purportedly showed that Torres-Corchado left the residence in a Ford truck to meet with someone else. (*Id.*)

After conducting an evidentiary hearing on this claim, the state postconviction court denied relief on this claim for the same reasons it denied relief on the claim of ineffective assistance presented in ground two of the instant amended petition. (Dkt. 18, Resp. Ex. 5

at 362). The state court reasonably determined that Colon failed to prove that he was prejudiced by any alleged deficiency in counsel's performance. Colon established neither that the pilot committed perjury at trial in testifying that he refueled the helicopter or that the pilot or another omitted recorded events from the DVD that was introduced at trial.

The state court reasonably applied *Strickland* and reasonably determined the facts in light of the evidence. Ground Eight does not warrant relief.

**Ground Three**

Colon alleges that his counsel rendered ineffective assistance by not investigating and discovering flight records for the surveillance helicopter. (Dkt. 9 at 6). Colon contends that attorney Jimenez on several occasions requested that the prosecutor's office furnish the flight records and that Jimenez subsequently asked attorney Athan to subpoena the records, but the prosecution did not furnish them. (*Id.*) According to Colon, his attorneys acknowledged there was a gap and that such "could mean possible tampering. " (*Id.*) Colon argues that since counsel did not have the record, counsel was unable to cross-examine Officer Gray effectively and show that the helicopter was not refueled and that there was tampering with the surveillance video. (*Id.*)

After conducting an evidentiary hearing on this claim, the state postconviction court found that Colon failed to prove that he was prejudiced by counsel's alleged failing. (Dkt. 18, Resp. Ex. 5 at 362). In addition to finding that Colon's allegations were too speculative to show prejudice (*id.* at 363), the state court held:

> Officer Gray testified at trial that the reason there was a gap in the video was because the helicopter stopped to refuel. Defendant did not submit into evidence the flight records showing any differently, nor did Defendant demonstrate that had the records been introduced, the outcome of the trial could have been different. Further, Mr. Jimenez testified that it was part of his

trial strategy to not further investigate the records, because he found Officer Gray's explanation of the gap in the surveillance video to be sufficient. Because Defendant did not prove that he was prejudiced by any alleged deficiency, no relief is warranted on claim seven.

(*Id.*)  The state court's denial of relief in this case was not an unreasonable application of *Strickland* and is not based on an unreasonable determination of the facts.

Although Colon argues that flight records for the surveillance helicopter would have demonstrated that the pilot committed perjury at trial (Dkt. 9 at 7), Colon did not provide evidence to support this assertion.  Specifically, he did not produce flight logs showing that the helicopter was not refueled during the operation.  Colon argues there was an "intentional" gap in the recording and that the video was tampered with to bolster the prosecution's case against him.  Colon failed to offer proof, by testimony or a sworn statement, that the prosecutor or police tampered with the surveillance video.  Colon also failed to establish that flight records would have shown that Torres-Corchado left his house while Colon was there or that Torres-Corchado and the informant did not subsequently meet Colon at his car.  Consequently, Colon has not demonstrated that but for counsel's alleged error, there was any reasonable probability of a different outcome.  Because Colon failed to prove *Strickland* prejudice, the state court reasonably denied relief.  Colon is not entitled to relief on Ground Three.

**Ground Four**

Colon contends that his trial counsel rendered ineffective assistance in not properly objecting to the accuracy and authentication of the surveillance video.  (Dkt. 9 at 8).  Colon again argues that he told his attorneys that the video did not show that Colon was at Torres-Corchado's home when Torres-Corchado left to meet with someone.  (*Id.*)  Repeating his

allegation that his counsel acknowledged the video had a gap of time, Colon alleges his counsel did not question Officer Gray about the matter, although they told Colon they would do so. Colon argues that (1) the video was inaccurate because it was tampered with and edited, and (2) Officer Gray did not operate the camera and was legally precluded from authenticating the video. (*Id.*)

> The state postconviction court summarily denied relief on this ground:

> Contrary to Defendant's allegation, a video is not required to be authenticated by the person who made the recording, but instead can be authenticated through the "pictorial testimony" of any witness who can testify that, based on their personal knowledge, the video fairly and accurately depicts the incident that was recorded. *See Wagner v. State*, 707 So. 2d 827, 830 (Fla. 1st DCA 1998). Here, helicopter pilot Officer Gray testified that he piloted the helicopter from which the video was made, and that the video was a fair and accurate depiction of what was actually recorded. Because counsel's conduct cannot be deemed deficient, the Court hereby denies claim eight.

(Dkt. 18, Resp. Ex. 5 at 242–43) (record citations omitted).

The state court determined that the video was properly authenticated. Although Colon raises this claim of ineffective assistance of counsel as a federal constitutional claim, this Court must defer to the state court's determination of the underlying question of whether the video was properly admitted under state law. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005) ("It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'") (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)). Colon argues that no evidence was presented at trial that Officer Gray operated or was certified to use the recording system. (Doc. 23 at 3). Colon also argues that Officer Gray did not testify whether recordings were simultaneously stored in a separate computer system or whether the system was tamper-proof. (*Id.* at 4). In light of the state court's determination that the

video was properly authenticated, the state court reasonably reached the concomitant conclusion that Colon failed to show that his counsel performed deficiently by not objecting to the introduction of the surveillance video.

In addition, Colon failed to show that his counsel performed deficiently by not objecting to admission of the surveillance video on the basis that the video was "inaccurate" because some events were not on the recording.  Colon did not present evidence that was indicative of probable tampering with the video.  *See Murray v. State*, 838 So. 2d 1073, 1082 (Fla. 2002) (stating that relevant physical evidence "is admissible unless there is an indication of probable tampering") (citations omitted).  Counsel's performance cannot be deemed deficient for not raising a non-meritorious objection.  *See Chandler v. Moore*, 240 F.3d 907 (11th Cir. 2001) (concluding that counsel was not ineffective for failing to raise a non-meritorious objection).

The state court's decision was not an unreasonable application of *Strickland* and was not based on an unreasonable determination of the facts.  Colon is not entitled to relief on Ground Four.

**Ground Five**

Colon alleges his counsel rendered ineffective assistance by "misadvising" him not to testify at trial.  (Dkt. 9 at 33).  Colon argues that only he was in a position to support the defense of "mere presence" and contradict the state's case against him.  (Dkt. 9 at 34). Colon contends that prior to trial he told his attorneys that he was convicted of only one prior felony and was serving a probationary sentence for the crime.  His attorneys discussed his "mere presence" defense with him and advised that he should not testify because the prosecution would exploit his record and thereby discredit the defense.  (*Id.*)

Colon further alleges that the prosecution at trial introduced testimony that: Colon was the supplier of the drugs; Colon conspired with Torres-Corchado to see the drugs; and he fled from arrest. Colon contends that he realized he needed to testify to support his defense by informing the jury that: Colon was with Torres-Corchado on April 5, 2005, to make sure that Torres-Corchado was not being robbed; Colon never had possession or knowledge of the contents of the backpack; Colon was not the supplier of the drugs; his voice was not on a surveillance audio tape introduced at trial; and he fled to avoid arrest because he did not want to be in violation of his probation. (*Id.*) Alleging that he told this to his attorneys, Colon also contends that he advised his attorneys that he could testify that: Colon did not take the backpack out of storage; after they left the storage unit, Torres-Corchado left his house to meet someone; and later Colon never said anything when Torres-Corchado and the informant approached Colon's car. (*Id.*) Colon alleges that he trusted and followed counsel's advice not to testify but was never advised that the ultimate decision was Colon's to make. (*Id.*)

The state court denied relief on this claim after an evidentiary hearing:

[T]he Court finds counsels' testimony to be more credible than that of Defendant. Mr. Jimenez testified that while he advised Defendant not to testify, he explained to Defendant that it was his right to testify, and Defendant never expressed a desire to testify. Further, even if Defendant was not on probation at the time of the crime, had Defendant taken the stand to testify, his prior crimes would have been introduced to the jury. In determining whether a defendant is entitled to relief based on a claim that counsel was ineffective for misadvising him about testifying at trial, the following analysis must take place: The first step . . . is to determine whether the defendant voluntarily agreed with counsel not to take the stand. If that is established, then the trial court must answer the separate and second question which is whether counsel's advice to defendant "even if voluntarily followed, was nevertheless deficient because no reasonable attorney would have discouraged [defendant] from testifying." Defendant did not prove that no reasonable attorney would have discouraged him from testifying or that the

outcome of the trial would have been different had Defendant testified. Because Defendant has failed to demonstrate that counsel's conduct was deficient or that he was prejudiced by any alleged deficiency, no relief is warranted on claim seventeen.

(Dkt. 18, Resp. Ex. 5 at 367) (citations omitted).

The court's determination that counsel's testimony was credible is a factual finding that is presumed correct. Colon has not rebutted the presumption of correctness by clear and convincing evidence. *See Rolling v. Crosby*, 438 F.3d 1296, 1301 (11th Cir. 2006) ("The factual findings of the state court, including the credibility findings, are presumed to be correct unless [the petitioner] rebuts the presumption by clear and convincing evidence." (citing 28 U.S.C. § 2254(e)(1)). *See also Rice v. Collins*, 546 U.S. 333, 341-42 (2006) ("Reasonable minds reviewing the record might disagree about the [witness's] credibility, but on habeas review that does not suffice to supersede the trial court's credibility determination"). Counsel's accredited testimony reflects that he understood from his discussions with Colon that Colon was on probation and that counsel did not want the jury to know that Colon was on probation for a heroin charge. (Dkt. 18, Resp. Ex. 5 at 318).

Colon argues the fact that he was previously convicted would have "supported" his reasons for fleeing the scene. (Dkt. 9 at 10.) And he argues that it was not proven at the state evidentiary hearing that he was on probation at the time of the offenses. (*Id.*) Colon testified at the hearing that he received an 18-month probationary term on his prior felony conviction in Delaware, but there was no probation violation hearing. (Dkt. 18, Resp. Ex. 5 at 282). Even assuming that Colon was not on probation when he fled from police, such would not show that his counsel performed deficiently in advising Colon not to testify at trial. Counsel's explanation that Colon had a prior felony conviction provides a reasonable

argument that counsel's performance satisfied *Strickland*'s deferential standard. *Richter*, 562 U.S. at 105. Colon argues that his counsel misadvised him that there was sufficient evidence to support his defense. That the jury rejected the defense does not establish that counsel's assessment of the evidence was constitutionally deficient.

Additionally, Colon has not shown *Strickland* prejudice. Counsel's accredited testimony established that Colon never told counsel that he wanted to testify at trial. Although Colon alleges that counsel did not inform him that he had the choice of whether to testify, the trial court ensured that Colon made the final decision about whether to take the stand by informing Colon about his right to testify on his own behalf. Colon assured the court that he was not going to testify and that he made his decision freely and voluntarily and without coercion. (Dkt. 18, Resp. Ex. 1 at 534). Further, in view of the substantial evidence of his guilt, and given also that the jury would have learned that Colon had a prior felony conviction, Colon cannot show a reasonable probability of a different result if he had testified. *See Jones v. Sec'y, Dep't of Corr.*, 487 F. App'x 563, 567 (11th Cir. 2012) ("[Jones] cannot establish that no competent counsel would have advised him not to take the stand, particularly because the State would have challenged Jones' credibility on cross-examination and the jury would have learned that he had five prior felony convictions. Nor has Jones shown that he was prejudiced by not taking the stand. Given the evidence of his guilt that the State presented, Jones cannot show a reasonable probability of a different result if he had testified.") (quotation and internal quotation marks omitted).

The state court did not unreasonably apply *Strickland* or rest its decision on an unreasonable determination of the facts. Colon is not entitled to relief on Ground Five.

**The Time-Barred Claims**

As stated, Grounds Six, Seven, and Nine through Eighteen are untimely. Alternatively, assuming that these claims are timely, they are without merit.

**Ground Six**

Colon alleges that trial counsel rendered ineffective assistance by not objecting to the prosecutor's hypothetical questions during voir dire. (Dkt. 9 at 11). In addition, he contends that the prosecutor improperly asked hypothetical questions to determine in advance the decision the prospective jurors would reach if certain facts were shown. (*Id.*) He argues that the prosecutor posed questions to prospective jurors in such a manner as to allow for inconsistencies in the testimony to be overlooked. Colon contends that attorney Athan did not object and instead attempted to use the prosecutor's hypothetical to ascertain whether the potential jurors could follow the law as to witness credibility. (*Id.* at 12).

The state postconviction court summarily denied relief on the basis that the claim lacked merit, as the prosecutor questioned whether venire members could apply relevant law and ended the line of inquiry with questions about the panel's ability to follow the law as the state trial court instructed. (Dkt. 18, Resp. Ex. 5 at 17). The state court relied on *Cave v. State*, 899 So. 2d 1042 (Fla. 2005), holding that defense counsel did not perform deficiently in not objecting to hypothetical questions to prospective jurors, as the prosecutor was attempting to identify the potential jurors who could apply the law. *Id.* at 1056.

The state court reasonably found that counsel's actions were not deficient and that Colon had not demonstrated prejudice. Because the proposed objection would have failed under state law, Colon has not shown that counsel performed deficiently to Colon's prejudice by not interposing an objection to the prosecutor's questions to prospective jurors.

Colon argues that he suffered prejudice because the prosecutor struck three

members of the venire who stated that they would question the validity of testimony if details of this testimony were inconsistent with other testimony. (Dkt. 9 at 12). Colon also alleges that the state trial court refused to allow his counsel to "mention anything pertaining to witness credibility and accomplice liability." (*Id.*) The state trial court did not preclude Colon's counsel from advancing inconsistencies in the testimony in closing argument. Nor was counsel prevented from challenging the credibility of the State's witnesses or addressing applicable law in his closing remarks. Also, given the strength of the evidence of his guilt of the crimes, Colon has failed to demonstrate a reasonable probability that but for counsel's alleged error, the outcome of the trial would have been different.

The state court's decision was not an unreasonable application of *Strickland* and was not based on an unreasonable determination of the facts. Colon is not entitled to relief on Ground Six.

**Ground Seven**

Colon alleges that his trial counsel rendered ineffective assistance by not filing a motion *in limine* to prohibit the State from introducing evidence of Colon's flight from police. (Dkt. 9 at 13). He contends that the prosecutor in opening remarks stated that Colon fled from police because he was guilty of a crime. (*Id.*) Colon further argues that the prosecutor introduced inadmissible and harmful testimony that Colon fled when he saw police arrest Torres-Corchado. (*Id.*)

After conducting an evidentiary hearing on this claim, the state postconviction court denied relief on the basis that Colon failed to establish each of *Strickland*'s components:

> [T]he Court finds counsels' [sic] testimony to be more credible than that of Defendant. Defendant neither proved that a motion in limine would have been granted, nor that it would have changed the outcome of the trial had it been

granted. Further, Mr. Jimenez testified that he made the strategic decision not to present testimony as to the reason Defendant fled — which was because Defendant was on probation — because Mr. Jimenez did not want the jury to be aware of Defendant's prior crimes. Counsel cannot be deficient for his reasonable trial strategy. Because Defendant neither proved that counsel was deficient, nor that he was prejudiced by any alleged deficiency, no relief is warranted on claim two.

(Dkt. 18, Resp. Ex. 5 at 360).

Under Florida law, relevant evidence is admissible unless its probative value is outweighed by danger of unfair prejudice, confusion, or misleading the jury, or if the evidence is cumulative. *See* §§ 90.402, 90.403, Florida Statutes. Because Colon did not establish that evidence of his flight from police was irrelevant or inadmissible under state law, he has not shown that counsel performed deficiently in not filing a motion *in limine* to exclude the evidence or that Colon suffered prejudice.

The state court's rejection of this claim was not an unreasonable application of *Strickland*; nor was it based upon an unreasonable determination of the facts in light of the evidence presented. Colon is not entitled to relief on Ground Seven.

**Grounds Ten and Eleven**

In two related grounds, Colon raised claims concerning his counsel's performance in addressing an audio recording admitted at trial.

In Ground Ten, Colon alleges his trial counsel was ineffective in not objecting to a witness' interpretation of an audio recording of conversations that were mostly in Spanish. (Dkt. 9 at 18). Colon contends that prior to trial, he informed his attorneys that he did not say anything when the informant and Torres-Corchado were at the window of Colon's vehicle (at the Kash N' Karry parking lot). According to Colon, he requested that attorney Athan secure both a transcription of the recording and a voice analysis. Colon also alleges

that during a trial break, he informed attorney Athan that his voice was not the voice on the recording. (*Id.*) Colon acknowledges that Athan objected at trial on grounds that a proper predicate had not been laid for the informant to identify voices other than the informant's, and that the informant was not a proper interpreter. Nonetheless, Colon argues that his counsel failed to contest the accuracy of the informant's interpretation. (Dkt. 9 at 19).

In Ground Eleven, Colon contends that his trial counsel rendered ineffective assistance by not filing a pre-trial motion to have the audio recording transcribed and translated in English. (Dkt. 9 at 20). He also contends that his attorneys did not object to the accuracy of the informant's interpretation and the informant's "hearsay" testimony. (*Id.*)

The state postconviction court summarily denied relief on these claims:

> [T]he Court finds Defendant's allegations in claim ten are refuted from the record because counsel made appropriate objections to the witness interpreting the tape, and, therefore, counsel was not deficient. Additionally, the Court finds that counsel cannot be deemed deficient based on Defendant's allegations in claim eleven as any objections to the witness recounting what was said based on his own knowledge would have been futile. As such, no relief is warranted on claims ten and eleven.

(Dkt. 18, Resp. Ex. 5 at 25) (citations omitted).

As the state court determined that counsel objected to the audio recording and that an objection to the informant's testimony based on his own knowledge would prove futile, Colon has failed to show that his counsel performed deficiently, either by not securing an English translation and voice analysis of the audio recording, or by not objecting further to introduction of the audio recording or to the informant's testimony. *See Pinkney v. Sec'y, Dep't of Corr.*, 876 F.3d 1290, 1297 (11th Cir. 2017) ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief.").

The state court neither unreasonably applied *Strickland* nor unreasonably determined the facts.  Colon is not entitled to relief on Ground Eleven.

**Ground Twelve**

Colon contends that his trial counsel was ineffective for eliciting testimony about a prior drug offense during cross-examination of Detective Feliciano.  (Dkt. 9 at 22).  Colon alleges that the jury heard that Colon and Torres-Corchado were the subjects of the prior investigation and surveillance.  According to Colon, this testimony destroyed his mere presence defense.  (*Id.*)

At trial, the detective testified about surveillance of Colon's vehicle and pursuit of Colon when he fled in his vehicle after the deal was consummated.  On cross-examination of the detective, when counsel questioned the detective if he had contact with Colon prior to April 5, 2005, the detective testified, "I participated in surveillance on Jose Colon on the 31st."  (*Id.*; Dkt. 18, Resp. Ex. 1 at 334).  The detective also testified that he saw Colon prior to April 5, 2005.  When confronted with his deposition testimony that he had no contact on March 31, 2005, with "who became known as Jose Colon," the detective explained that he had no contact with Colon, but Colon was present and Colon had not been identified during surveillance.  (*Id.* at 334-35).  The detective also testified that Colon and Torres-Corchado were at a parking lot at the University Mall but the detective had not identified Colon and did not know his name.  When attorney Jimenez asked the detective, "So if you say that you saw prior to April 5th an individual who you believe was connected to Torres-Corchado, who is the prime suspect of this investigation that you guys are conducting, you do not relate that information to anybody?  The detective responded, "Oh, everyone knew about it, everybody was there:  the sheriff's office, Detective Landry and the supervisors."  (*Id.* at 335).

At the state evidentiary hearing, attorney Jimenez explained that he questioned the detective about the prior investigation in an attempt to establish that the officer would not recognize or did not know Colon. (*Id.* at 315). After the detective gave an explanation for his deposition testimony, counsel chose not to pursue the matter further. (Id. at 316).

The state postconviction court denied relief after an evidentiary hearing:

> [T]he Court finds counsels' [sic] testimony to be more credible than that of Defendant. Mr. Jimenez testified that he made the strategic decision to cross-examine Detective Feliciano as to this testimony. Mr. Jimenez testified that at deposition, Detective Feliciano testified that had never seen Defendant, although at trial, Detective Feliciano testified that he had seen Defendant. Mr. Jimenez further questioned Detective Feliciano as to this point in an attempt to impeach Detective Feliciano's inconsistent testimony. Counsel cannot be deemed deficient for his reasonable strategic decisions. Further, Defendant did not prove that had counsel[ ]not elicited this testimony, the outcome of the trial would have been any different absent the jury's consideration of this testimony. Because Defendant has failed to demonstrate that counsel's conduct was deficient or that he was prejudiced by any alleged deficiency, no relief is warranted on claim fourteen.

(Dkt. 18, Resp. Ex. 5 at 364–65) (citations omitted).

Colon does not show that the court unreasonably applied *Strickland.* In deposition, Detective Feliciano testified that he participated in surveillance on March 31, 2005, when police were buying narcotics and letting money "walk." (Dkt. 18, Resp. Ex. 5 at 150). The detective testified that Torres-Corchado was involved and that Colon was not identified as a participant:

> Q. Before I get too far down the line, Detective Feliciano, there was another investigation involving one of these individuals on March 31st, 2005. Were you involved in that investigation?
>
> A. That would have been Alex, the co-defendant Alex, yes. In a surveillance capacity, yes, I was.
>
> . . . .
>
> Q. Okay. At any time during that March 31st investigation, did you have any

contact with or become known to a Jose Colon?

A. No.

Q. Okay. From your surveillance in that particular investigation was Jose Colon ever identified as a participant?

A. No.

(*Id.* at 150– 51). Colon argues that his counsel did not testify that counsel made a strategic decision to introduce testimony at trial that Colon was involved in another offense. (Dkt. 9 at 22). Colon does not overcome the strong presumption that, under the circumstances, the challenged action '"might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. The record shows that counsel's questioning of the detective about his deposition testimony was a strategic choice. Given that the detective testified on direct examination that police "had an eye" on Colon's vehicle on April 5, 2005, Colon's counsel undertook to impeach the officer with testimony that counsel viewed as inconsistent with the detective's trial testimony. Even accepting that the detective's deposition testimony was not as inconsistent as counsel believed at the time, such conclusion is not enough for Colon to prevail. He fails to show there is no reasonable argument that counsel's attempt to impeach the officer satisfied *Strickland*'s deferential standard.

Even if he satisfied *Strickland*'s performance component, Colon has not shown prejudice. The detective did not testify that he observed Colon commit a crime on March 31, 2005. Also, given that the State presented ample evidence establishing Colon's guilt of the charged offenses, Colon fails to show that but for the alleged failing of counsel, there was any reasonable probability of a different outcome at trial.

The state court's denial of this ground was neither an unreasonable application of

*Strickland*, nor was based on an unreasonable determination of the facts in light of the evidence. Colon is not entitled to relief on Ground Twelve.

**Ground Thirteen**

Colon alleges that his trial counsel was ineffective for not objecting to "improper" remarks of the prosecutor during closing argument. (Dkt. 9 at 23). He argues that the prosecutor: (1) bolstered the informant's credibility in stating that the informant was an agent of law enforcement, (2) bolstered Detective's Feliciano's testimony as an experienced officer, (3) offered an opinion as to what Colon was doing when he sat in his vehicle as Torres-Corchado delivered the heroin, (4) conveyed that the defense lacked common sense, and (5) shifted the burden of proof to the defense. (*Id.*)

In denying relief, the state postconviction court gave this explanation after an evidentiary hearing:

> Both Mr. Jimenez and Ms. Athan testified that they did not object to the State's classifying the confidential informant as an agent of law enforcement, because the confidential informant was acting as an agent of law enforcement and any objection would be meritless. Counsel cannot be deemed ineffective for failing to make a meritless objection.
>
> As to Defendant's remaining claims of ineffective assistance of counsel for failure to object to the State's closing argument, the Court finds that absent these allegations in his Motion, Defendant failed to present any competent and substantial evidence at the hearing in support of these claims to satisfy his burden of demonstrating ineffective assistance of counsel. As Defendant failed to demonstrate on these claims that counsel was deficient or that there was a reasonable probability that the outcome of Defendant's trial would have been different but for counsels' deficiency, Defendant warrants no relief on these allegations.

(Dkt. 18, Resp. Ex. 5 at 365-66) (citations omitted).

Colon failed to show that the prosecutor's remarks were improper. The prosecutor's comment that the informant was an agent of law enforcement was fair comment on testimony

showing police utilized the informant in the undercover operation.  The prosecutor's comment that she believed Detective Feliciano testified he had been a narcotics detective over thirteen years was based on the prosecutor's recollection of his testimony, and the prosecutor's remarks about what Colon was doing when he sat in his car as Torres-Corchado went to deliver the heroin were fair inferences from the detective's testimony that suppliers on occasion will watch the runner from a distance so that the runner will not "rip him off."  (Dkt. 18, Resp. Ex. 1 at 340).  *See Thomas v. State*, 748 So. 2d 970, 984 (Fla. 1999) (emphasizing that counsel has wide latitude in closing argument and may advance all legitimate arguments and draw logical inferences from the evidence).  And the prosecutor's call for the jurors to use their common sense was a permissible means of driving home the point that the evidence refuted the defense of mere presence.

In addition, Colon failed to demonstrate that any of the prosecutor's remarks improperly bolstered the testimony of the State's witnesses or shifted the burden of proof to the defense.  As a consequence, the state court reasonably determined that Colon had not shown that counsel performed deficiently in not objecting to the prosecutor's arguments.

Colon also failed to show that he suffered prejudice.  His argument that the prosecutor's remarks were so inflammatory as to influence the jury to convict him is too speculative to demonstrate that the outcome of the trial would have been different.  The prosecution presented substantial evidence establishing that Colon was guilty of both crimes. In light of this evidence, the prosecutor's remarks did not render the trial fundamentally unfair.  *Spencer v. Sec'y Dep't of Corr.*, 609 F.3d 1170, 1182 (11th Cir. 2010).  Accordingly, there is no reasonable probability that but for counsel's alleged errors the result of the trial would have been different.

Colon has not shown that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying this claim. Colon is not entitled to relief on Ground Thirteen.

**Ground Fourteen**

Colon alleges that his trial counsel was ineffective because counsel made damaging misstatements in his closing arguments. (Dkt. 9 at 25). In addressing the video evidence, counsel argued to the jurors, "And if you can say beyond a reasonable doubt, 'I see Alex Torres walking out with a backpack, then, you know, I'm going to change my glasses, because you don't see that. You don't see that. It's wishful thinking because why? Because there is so little evidence or no evidence in this case that, you know, they're wishing that it's there. It's not there." (Dkt. 18, Resp. Ex. 1 at 599). Colon contends that this statement stressed to the jury that only Colon could have carried the backpack from the storage unit because counsel referred to Torres-Corchado instead of Colon. (Dkt. 9 at 25–26).

The state court summarily denied relief on this claim on the basis that Colon failed to establish prejudice. The state court found, when reviewing counsel's argument in totality and the single misstatement in context, it was clear that the defense's position was that Colon did not retrieve the bag containing the heroin from the storage unit and that the jurors should examine the video closely to reach that conclusion. (Dkt. 18, Resp. Ex. 5 at 30).

The state court reasonably denied relief based on Colon's failure to show *Strickland* prejudice. Notwithstanding counsel's misstep in referring to Torres-Corchado instead of Colon, counsel's arguments, in context and totality, conveyed that the jury should question the prosecution's position that Colon and not Torres-Corchado took possession of the backpack containing the heroin. Consequently, Colon has not shown that but for counsel's

misstatement, there was any reasonable probability of a different outcome.

The state court's decision does not constitute an unreasonable application of *Strickland* and is not based on an unreasonable determination of the facts. Colon is not entitled to relief on Ground Fourteen.

**Ground Fifteen**

Colon alleges that his trial counsel was ineffective in not objecting properly to hearsay testimony of the informant. (Dkt. 9 at 27). Specifically, Colon argues that attorney Athan did not object when the informant testified that Torres-Corchado stated "I introduced Detective Baumann to Alex as a buyer; that he wants to buy a lot of heroin. And Alex always told me, like, he's got to talk to his — we call it — in Puerto Rico, we call it socio." The informant explained that "socio" meant partner. (Id.; Dkt. 18, Resp. Ex. 1 at 278). After the prosecutor elicited that the informant was dealing directly with Torres-Corchado and reiterated that he introduced Torres-Corchado to the detective, attorney Athan objected to any hearsay statements attributed to Torres-Corchado. (*Id.*)

The state postconviction court summarily denied relief on this aspect of this claim. Although Colon argues that his counsel did not lodge a timely hearsay objection when the informant translated the term "socio," the state court determined that counsel properly objected to the informant's testimony as hearsay. (Dkt. 18, Resp. Ex. 5 at 21). Given this finding, the state court reasonably determined that counsel's performance cannot be deemed deficient. (*Id.*)

Colon argues that his counsel did not object on hearsay grounds when the informant testified to Torres-Corchado's statements when Colon handed the bag with heroin to Torres-Corchado. (Dkt. 9 at 27). The state court summarily denied relief on this aspect of this claim

on the basis that the informant's testimony was not hearsay and any objection would have been futile.  (Dkt. 18, Resp, Ex. 5 at 22).  Because Colon did not establish that the testimony constituted hearsay under state law, the state court reasonably found that counsel's performance cannot be deemed deficient.

The state court's decision does not constitute an unreasonable application of *Strickland* and is not based on an unreasonable determination of the facts.  Colon is not entitled to relief on Ground Fifteen.

### Ground Eighteen

Colon alleges that cumulative errors and omissions of trial counsel constitute ineffective assistance.  (Dkt. 9 at 29).  The state postconviction court found that because the alleged individual errors were without merit, the claim of cumulative error was without merit.  (Dkt. 18, Resp. Ex. 5 at 368).

As he has not shown that counsel performed deficiently, Colon cannot establish cumulative error.  *See Morris v. Sec'y, Dep't. of Corr.*, 677 F.3d 1117, 1132 (11th Cir. 2012) (where individual claims of error or prejudice are without merit, "we have nothing to accumulate.").  Colon is not entitled to relief on Ground Eighteen.[5]

### Claims of Trial Court Error

### Grounds Sixteen and Seventeen

In Ground Sixteen, Colon alleges that his conviction was obtained in violation of the Sixth Amendment because the state trial judge prohibited his counsel from questioning

---

[5]In the claims of ineffective assistance of counsel, Colon contends that he was denied effective assistance in violation of the Fifth, Sixth, and Fourteenth Amendments.  Just as he has not shown that his counsel's performance was constitutionally deficient to his prejudice under *Strickland*, *see* discussion *supra*, Colon has not shown that counsel's performance deprived him of his constitutional rights to due process and a fair trial.

prospective jurors about accomplice liability. (Dkt. 9 at 28). He contends he was deprived of his rights to due process, a fair and impartial judge, and a fair trial. (*Id.*)

In Ground Seventeen, Colon alleges that his conviction was obtained in violation of the Sixth Amendment because the state trial court denied a defense request for an instruction on circumstantial evidence. Colon argues that the instruction was based on his "reasonable" theory of defense and that denial of the requested instruction deprived him of due process. (Dkt. 9 at 29).

These grounds are unexhausted and procedurally barred because Colon did not present the federal nature of the claims in his appellate brief on direct appeal. (Dkt. 18, Resp. Ex. 9). He raised his issues in state law terms and did not alert the state appellate court that he was raising a federal constitutional claim concerning the state trial court's rulings. His citation to *Walker v. State*, 724 So. 2d 1232, 1234 (Fla. 4th DCA 1999) (holding that the trial court's denial of a proper inquiry denied Walker his constitutionally guaranteed right to a fair and impartial jury), did not fairly present a claim that the state court's ruling, concerning trial counsel's inquiry during *voir dire*, deprived Colon of his federal constitutional right to a fair jury. State procedural rules do not provide for second direct appeals. *See* Fla. R. App. P. 9.140(b)(3) (a defendant wishing to appeal a final judgment must do so within "30 days following rendition of a written order imposing sentence."). Grounds Sixteen and Seventeen are procedurally defaulted.

"If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Colon does not demonstrate that either exception

applies to overcome his procedural default.

Alternatively, even if these grounds are not defaulted, they warrant no relief.

In Ground Sixteen, Colon argues that his trial counsel's attempted line of questioning was designed to elicit answers that would show whether prospective jurors were susceptible to his theory of defense and whether they would hold him liable for the independent acts of the codefendant. (Dkt. 9 at 23). Because the obligation to impanel an impartial jury lies in the first instance with the trial judge, federal and state judges have been accorded ample discretion in determining how best to conduct *voir dire*. *See Rosales-Lopez v. United States*, 451 U.S. 182, 188-89 (1981). *See also Vining v. State*, 637 So.2d 921, 926 (Fla. 1994) (noting that the scope of *voir dire* questioning rests in the sound discretion of the court).

The record shows that the trial court sustained the prosecutor's objection that trial counsel was getting into the facts of Colon's case. (Dkt. 18, Resp. Ex. 1 at 60-61). Attorney Athan explained that her purpose was to tell the prospective jurors to be cautious about accomplice testimony, and the state judge stated that while he did not want to restrict counsel's questioning, the inquiry was going far afield. When counsel asked if she could read the law, the state judge advised that he would instruct the jurors on the law. (*Id.* at 62). Any limitation by the trial court on trial counsel's inquiry did not render the trial fundamentally unfair or undermine confidence in the outcome of the trial. Colon's counsel continued inquiry of the venire panel, utilizing the hypothetical, to address whether the members would view the credibility of a witness with an interest in the case the same as that of witnesses with out an interest in the case. (*Id.* at 63). In view of the latitude the state trial court afforded counsel in questioning the prospective jurors, Colon cannot show that he was deprived of his constitutional rights to a fair trial and jury and to due process. Further, Colon alleges no facts

that would show that he was deprived of his constitutional right to an impartial judge.

In Ground Seventeen, Colon contends he was deprived of due process when the state court declined to give an instruction on circumstantial evidence. The state trial court concluded that the standard instructions were adequate. The propriety of a circumstantial jury instruction is a question of state law and not a subject of federal habeas review. *See Estelle*, 502 U.S. at 71-72. Challenges to state court jury instructions are not reviewable on habeas corpus absent a showing that the alleged errors were so serious as to have deprived the defendant of a fair trial. *Cupp v. Naughten*, 414 U.S. 141, 146 (1973). No such error occurred in Colon's case. The state court's instructions, taken as a whole, properly instructed the jury on reasonable doubt and on the elements of the crime.

Colon is not entitled to relief on Ground Seventeen.

## The *Brady*[6] Claim

### Ground Nine

Colon alleges that the State failed to disclose the surveillance helicopter flight records, thereby violating his due process rights (Dkt. 9 at 16). He repeats his contentions that attorney Jimenez requested the flight records several times and requested that co-counsel subpoena the records. (Dkt. 9 at 17). Colon also recites his allegation that Torres-Corchado left Colon to meet someone and that these actions were not depicted on the surveillance video. (*Id.*) Colon argues that the State failed to disclose the flight records in violation of *Brady* and Rule 3.220 of the Florida Rules of Criminal Procedure.

Although the state postconviction court stated that Colon alleged a violation of *Brady,* the state court found, after conducting an evidentiary hearing, that Colon failed to satisfy his

---

[6]*Brady v. Maryland*, 373 U.S. 83 (1963).

burden of demonstrating ineffective assistance of counsel. (Dkt. 18, Resp. Ex. 5 at 370). Colon is correct that he brought the claim in his postconviction motion as a *Brady* violation. Review of this ground yields no relief for Colon.

Under clearly established Supreme Court precedent, there are three elements to a *Brady* claim: (1) the evidence must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must be "material," i.e., prejudice must have ensued from its non-disclosure. *Banks v. Dretke*, 540 U.S. 668, 691 (2004); *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). Evidence is "material" under *Brady* where there exists a "reasonable probability" that, had the evidence been disclosed, the result at trial would have been different. *Smith v. Cain*, 565 U.S. 73, 75 (2012).

Colon has failed to show that the evidence alleged to have been withheld was favorable and material. Colon alleged in his postconviction motion that flight records would show that the helicopter was not refueled and that the surveillance video was tampered with to conceal that Torres-Corchado went to meet another person to obtain the heroin. (Dkt. 19, Resp. Ex. 5 at 71). At the state evidentiary hearing, Colon did not introduce flight records for the aerial surveillance conducted on the date of the offenses. Although his collateral counsel focused on a time line of events contained in the detective's report, Colon did not establish that the helicopter was not refueled or that the video was altered.

Colon's allegation that the State violated Fla. R. Crim. P. 3.220 by not disclosing the flight records is not a cognizable claim in a habeas proceeding. Federal habeas corpus relief does not lie for errors of state law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

Colon is not entitled to relief on Ground Nine.

## Alleged Errors in State Postconviction Proceedings

Colon alleges that the claim presented in Ground Four, that his trial counsel did not properly object to the accuracy and authentication of surveillance video, was not refuted by the record. (Dkt. 9 at 8). He also contends that the trial court erred by summarily denying the *Brady* claim presented in Ground Nine. (Dkt. 9 at 16). Defects in state collateral proceedings do not provide a basis for habeas relief. *Carroll v. Sec'y, Dep't of Corr.*, 574 F.3d 1354, 1365 (11th Cir. 2009) (citations omitted). Consequently, Colon is not entitled to relief on his challenges to the state court's summary disposition of claims for relief.

## The Reply

In his reply, Colon requests that this Court direct the state court to conduct an evidentiary hearing and introduce flight and dispatch records to prove that Officer Gray was forced to land to refuel the helicopter. (Dkt. 23 at 9 and 16). Colon requests that this Court enter an order providing that if the records are not produced or the records show that the officer testified falsely, the state court should find that counsel was "prejudicially ineffective," in violation of the Sixth and Fourteenth Amendments and Colon's commensurate state constitutional rights. (*Id.* at 9). Colon requests that this Court enter an order instructing the state court to introduce audio recordings and to find trial counsel ineffective should the state court find an "obvious" difference between Colon's voice and the voice that the informant attributed to Colon. (*Id.* at 16).

Colon is not entitled to expand the record with additional evidence that was available but was not admitted at the state evidentiary hearing. See *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (holding that review under 28 U.S.C. § 2254(d)(1) is limited to the record that

was before the state court that adjudicated the claim on the merits).  Moreover, a district court is not required to hold an evidentiary hearing if the record refutes the asserted factual allegations or otherwise precludes habeas relief.[7]  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  The petitioner has the burden to establish the need for a federal evidentiary hearing, and here, Colon has not met the burden.  *Chavez v. Sec'y*, *Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011), *cert. denied,* 565 U.S. 1120 (2012).  The record refutes the factual allegations in the amended petition or conclusively demonstrates that Colon was not denied effective assistance of counsel or a fair trial.

Colon's request in his reply (Dkt. 23) to file an additional reply is denied.[8]

It is therefore

**ORDERED** that Colon's petition for writ of habeas corpus (Doc. 9) is **DENIED**.  The Clerk is directed to enter judgment against Colon and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

It is **ORDERED** that Colon is not entitled to a certificate of appealability (COA).  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  A COA must first issue.  *Id.*  To merit a COA, Colon must show that reasonable jurists would find debatable both (1) the merits of

---

[7] This Court is not an appellate court and is without authority, generally, to order the state trial court  to conduct an evidentiary hearing. The Court, therefore, construes Colon's argument as a request for an evidentiary hearing in this federal proceeding.

[8] Colon addresses Respondent's arguments to the first five grounds of the amended petition and requests leave to file an additional reply should the remaining grounds be deemed timely.  (Dkt. 23 at 2).  No grounds warrant relief, and an additional reply is unnecessary.

an underlying claim, and (2) the procedural issues that he seeks to raise.  *See* 28 U.S.C. § 2254(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Colon has not made the requisite showing.  Because Colon is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** at Tampa, Florida, on September 7, 2018.

Charlene Edwards Honeywell
United States District Judge

Jose Raymond Colon
Counsel of Record